1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   ANGREJ SINGH,

10                    Petitioner,

11          v.

12   ALBERTO R. GONZALES, *et. al*,

13                    Respondents.

14

CASE NO.  C05-1686-JLR-JPD

REPORT AND
RECOMMENDATION

15                     I.  <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

16          Petitioner Angrej Singh is a native and citizen of India who is currently in the custody of the

17   United States Immigration and Customs Enforcement ("ICE").  On October 5, 2005, he filed, *pro*

18   *se*, a Petition for Writ of Habeas Corpus pursuant to 8 U.S.C. § 2241, challenging the constitutional

19   and statutory authority of ICE to detain him any further due to the unlikelihood of his removal from

20   the United States in the reasonably foreseeable future.  (Dkt. #1).  Respondents argue that petitioner

21   fails to state an actionable claim of indefinite detention or otherwise demonstrate any deprivation

22   of a statutory or constitutional right.  (Dkts. #9 at 7, #15 at 2).

23          Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

24   (Dkt. #1) be DENIED and respondents' motion to dismiss (Dkt. #9) be GRANTED.

25

REPORT AND RECOMMENDATION
26   PAGE – 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Angrej Singh is a native and citizen of India.  (Dkt. #1).  On May 31, 1992, he sought entry into the United States at Detroit, Michigan.  (Dkt. #8 at 71).  Petitioner was inspected and detained as an intending immigrant without documentation and applied for political asylum.  (Dkt. #9 at 71, 143).  On July 2, 1992, the former Immigration and Naturalization Service ("INS") conducted an asylum pre-screening interview and granted petitioner immigration parole into the United States.  On January 20, 1993, the INS conducted a formal asylum interview.  On May 26, 1993, the INS denied petitioner's application for asylum, finding that petitioner had failed to establish a well-founded fear of persecution.  (Dkt. #9 at 64).  Petitioner, through counsel, submitted an administrative appeal of the asylum decision.  The INS denied petitioner's appeal.  (Dkt. #10 at S-8).

On May 26, 1994, the INS terminated petitioner's parole and issued a Form I-122 Notice to Applicant for Admission Detained for Hearing Before Immigration Judge, placing petitioner in exclusion proceedings, and charging petitioner as an intending immigrant not in possession of an immigrant visa, and as a nonimmigrant not in possession of a valid passport or nonimmigrant visa.  (Dkt. #9 at 165).  Petitioner's exclusion hearing before an Immigration Judge ("IJ") was scheduled for September 9, 1996.  (Dkt. #9 at 97).  In accord with asylum regulations, petitioner was permitted to renew his asylum request in the Immigration Court proceedings.  In connection with petitioner's renewed asylum application, the Executive Office for Immigration Review ("EOIR") requested an advisory opinion from the United States Department of State on petitioner's asylum application.  The State Department concluded that petitioner's "description of events which led him to seek asylum (his claimed membership in AISSF and his claim to have been mistreated because of his religion and his political opinion) does not stand up to rigorous analysis."  (Dkt. #9 at 124).

REPORT AND RECOMMENDATION
PAGE – 2

On September 9, 1996, petitioner's attorney attended the exclusion hearing, but petitioner failed to appear.  Accordingly, the IJ determined that petitioner had abandoned his claims for relief from exclusion and ordered petitioner excluded *in absentia*.  (Dkt. #9 at 96).  Petitioner did not appeal the IJ's order to the Board of Immigration Appeals ("BIA") or to the Ninth Circuit Court of Appeals.

On May 18, 1996, petitioner, using the name Gurmej Singh Pahal, filed another application for asylum.  On April 2, 1996, the asylum office granted petitioner's application for asylum under the identity of Gurmej Singh Pahal.  *Id.*

On September 17, 1996, the San Francisco, California asylum office received a letter from petitioner stating that he had left the country.  (Dkt. #10 at S-8; Dkt. #9 at 90).  Petitioner failed to appear for his scheduled removal from the United States to India on March 3, 1997.  (Dkt. #10 at S-8).

On September 15, 1997, petitioner filed an application for adjustment of status with the INS at Spokane, Washington.  In January 1998, while petitioner's application for adjustment of status was pending, the INS received an anonymous letter, stating that Angrej Singh had lost his case before the Immigration Judge, so he changed his name to Gurmej Singh Pahal, reapplied for asylum, and won his case under a different name.  *Id.*  On March 12, 1998, the Spokane County Sheriff's office advised the INS that it had examined the fingerprints of Andrej Singh and Gurmej Singh Pahl and determined that the prints came from the same person.  (Dkt. #10 at S-14).  On September 16, 2004, petitioner went to the Spokane Office to obtain travel documents to Canada for himself and his family.  Petitioner was taken into custody and held on the IJ's September 9, 1996, order of exclusion.  (Dkt. #10 at S-8).  Petitioner admitted that he is Andrej Singh.  *Id.*

On September 17, 2004, the Department of Homeland Security ("DHS") rescinded the grant

REPORT AND RECOMMENDATION
PAGE – 3

of asylum to Andrej Singh under the identity of Gurmej Singh Pahal, stating that petitioner "was improperly granted asylum as he was under an order of exclusion and had applied under an assumed identity." (Dkt. #10 at S-13).

On November 24, 2004, petitioner, through counsel, filed a motion to reopen his exclusion proceedings. (Dkt. #9 at 58). On January 4, 2005, the IJ denied the motion to reopen. (Dkt. #9 at 40). The decision was timely appealed and was affirmed, without opinion, by the BIA on May 17, 2005. (Dkt. #9 at 2). On May 20, 2005, petitioner filed a Petition for Review and Motion to Stay Deportation/Removal in the Ninth Circuit Court of Appeals. A stay was automatically granted pursuant to the Ninth Circuit General Order 6.4. ICE thus suspended its efforts to obtain travel documents from the Government of India permitting petitioner's repatriation to that country. (Dkt. #13 at S-26). Petitioner's Petition for Review remains pending in the Ninth Circuit.

On October 5, 2005, petitioner filed the instant habeas petition. (Dkt. #1). On December 7, 2005, respondents filed a Return Memorandum and Cross-Motion to Dismiss. (Dkt. #9). Petitioner did not file a reply.

## III. DISCUSSION

### A.   Jurisdiction

Pursuant to Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon is to file a Petition for Review with the appropriate court of appeals. INA § 242(a)(5), (b)(2), 8 U.S.C. § 1252(a)(5), (b)(2). Here, however, petitioner does not seek judicial review of the underlying removal order. Rather, he challenges the legality of his continued detention under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). As an initial matter, the Court finds that it has habeas jurisdiction to determine whether

REPORT AND RECOMMENDATION
PAGE – 4

petitioner is being detained in violation of his statutory or constitutional rights. *Zadvydas*, 533 U.S. at 688. Accordingly, petitioner's claim that he is entitled to release from detention pending adjudication of his Petition for Review in the Ninth Circuit Court of Appeals is properly before the district court on petition under 28 U.S.C. § 2241.[1]

      B.     <u>Habeas Corpus Petition</u>

      Under INA § 241(a)(1), respondents are entitled to a 90-day period within which to remove an alien from the United States, during which time detention is mandatory. The "removal period" begins on the later of the following:

> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B). In *Zadvydas* the Supreme Court held that, beyond those 90 days, the government is entitled to "a period reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. In determining what is a reasonable removal period, the Court adopted "for the sake of uniform administration in the federal courts," a presumptively reasonable period of detention of six months. *Id.* at 701.

      The Supreme Court explained that after this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* Nonetheless, the six month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held

---

[1]The Government has withdrawn its argument that this Court lacks jurisdiction to entertain petitioner's claim that he is entitled to release from detention *pendente lite*. (Dkt. #15 at 2).

REPORT AND RECOMMENDATION
PAGE – 5

in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no reasonable likelihood of removal in the reasonably foreseeable future." *Id*. Then the burden shifts to respondents to produce evidence which could rebut petitioner's showing. *Id*.

Petitioner argues for his release under *Zadvydas,* contending that his continued detention pending resolution of his Petition for Review in the Ninth Circuit is unlawful because there is no significant likelihood of his removal in the reasonably foreseeable future.[2] (Dkt. #1 at 3). Here, however, petitioner sought and was granted a stay of his removal order by the Ninth Circuit on May 20, 2005. This stay of removal remains in effect while petitioner's petition for review is pending in the Ninth Circuit. Unlike *Zadvydas*, petitioner is not being held indefinitely beyond the removal period. Rather, petitioner is being held pursuant to the stay he has requested. Thus, this Court finds that, as the stay is still in effect, the presumptively reasonable six month period has no yet begun under INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Moreover, there is no indication that petitioner's removal to India is not reasonably foreseeable or that travel documents will not be issued once his Petition for Review has been resolved and the stay is lifted. As petitioner has failed to support any assertion that his future removal is not reasonably foreseeable, but for the existence of the stay, the Court must deny habeas relief. *See Zadvydas*, 533 U.S. at 701; *see also Khan v. INS*, 194 F. Supp. 2d 1134, 1137 (S.D. Cal. 2001)(finding that petitioner had not met his burden under *Zadvydas* where petitioner failed to show any barriers to his repatriation to Pakistan).

---

[2]Petitioner also claims that he is seriously ill and is in need of potential surgical intervention. (Dkt. #1 at 4). To the extent that petitioner raises claims challenging the conditions of his confinement, such claims must be brought in a separate civil rights action.

REPORT AND RECOMMENDATION
PAGE – 6

1

## <u>CONCLUSION</u>

2        For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and

3  that the action be dismissed.  A proposed Order accompanies this Report and Recommendation.

4        DATED this 21st day of March, 2006.

5

6                                                 *James P. Donohue*
                                              _____
7                                              JAMES P. DONOHUE
                                              United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  REPORT AND RECOMMENDATION
    PAGE – 7